Filed 3/17/21  In re A.R. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re A.R., a Person Coming Under the Juvenile Court Law. | B305509 (Los Angeles County Super. Ct. No. 18CCJP03226A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff,<br><br>        v.<br><br>M.M.,<br><br>        Defendant and Appellant;<br><br>A.R.,<br><br>        Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jana M. Seng, Judge.  Dismissed.

Elizabeth C. Alexander, under appointment by the Court of Appeal, for Defendant and Appellant.

Marissa Coffey, under appointment by the Court of Appeal, for Respondent A.R.

_____

## I.  INTRODUCTION

In a prior July 15, 2019, opinion (*In re A.R.* (July 15, 2019, B294214) [nonpub. opn.]), we affirmed the juvenile court's jurisdiction and disposition orders that resulted from the unsanitary condition of mother M.M.'s home which presented a health hazard to the child A.R., who was then 17 years old.

In this appeal, mother contends that the juvenile court erred by failing to make a visitation order at the Welfare and Institutions Code section 366.22[1] permanency review hearing or a finding that visitation would be detrimental to the child.  By failing to address visitation, mother contends, the court effectively delegated to the child whether visitation would occur.  Because the child turned 18 years old during the pendency of this appeal and we cannot provide mother effective relief, we dismiss mother's appeal as moot.

---

[1]     All further statutory references are to the Welfare and Institutions Code.

## II.   BACKGROUND[2]

On September 11, 2019, mother's attorney filed a walk-on request asking the juvenile court to address, among other things, violations of the court's visitation order as mother had not had visits with the child.  The court ordered the Los Angeles County Department of Children and Family Services (Department) to provide an update concerning mother's visits with the child.

In its September 23, 2019, Last Minute Information for the Court, the Department attached the child's August 8, 2019, affidavit that stated, "No phone contact with mom, no physical visits/contact with mom, no conjoint counseling with mom, and no return home."  According to the Department, "During each monthly visit in placement, [the social worker] makes it a point to inquire about whether [the child] is open to have visits with his mother.  [The child] continues to adamantly report that he does not want any visits/contact with his mother and that he does not want to be returned to his mother's care."

Thereafter, on September 26, October 9, and December 23, 2019, and again on January 9, 2020, the child signed affidavits stating that he did not want to have visits or contact with mother.  On February 26, 2020, the child provided his social worker with the following written statement:  "I do not want to go to therapy with my mom, nor have any contact with her at all.  I don't want to talk to her at all and I did as you asked

---

[2]     For context, we provide a brief review of the child's statements concerning his desire to have contact with mother during the period leading up to the March 6, 2020, section 366.22 hearing.

3

and considered and my decision is to not have any contact with my mother at all."

## III.   DISCUSSION

In her appeal, mother contends that the juvenile court erred by failing to make a visitation order at the section 366.22 permanency review hearing or a finding that visitation would be detrimental to the child.  She also contends that, by failing to address visitation, the court effectively delegated to the child whether visitation would occur.  We requested that the parties submit supplemental letter briefs addressing whether there is authority for the proposition that the juvenile court can force the child, as an adult, to visit mother and whether mother's appeal is moot if there is no such authority.[3]

An appellate court ordinarily will dismiss an appeal when it cannot grant effective relief.  (*In re N.S.* (2016) 245 Cal.App.4th 53, 59–60 ["the critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error"].)  A court may, however, "exercise its inherent discretion to resolve an issue when there remain 'material questions for the court's determination' [citation], where a 'pending case poses an issue of broad public interest that is likely to recur' [citation], or where 'there is a likelihood of recurrence of the controversy between the same parties or others.'"  (*Id.* at p. 59.)

In response to our request for letter briefs, the child states that he is unaware of any authority that empowers a juvenile

_____

[3]    We included the Department in our request.  The Department did not file a letter brief.

4

court to force an adult child to visit a parent and argues that mother's appeal is thus moot.

In her response to our request for letter briefs, mother does not identify any authority empowering a juvenile court to force an adult child to visit a parent and concedes that this court cannot grant her "direct relief" because the child is now 18 years old. Nevertheless, mother requests that we exercise our discretion to resolve her appeal because the issues of parental visitation and family reconciliation after reunification services have ended and a child has transitioned to long-term foster are issues of public interest. Mother states that her "appeal is about the fundamental right of a parent to be able to maintain family relationships" and she has "personal and dignitary interests in continuing contact with her son."

Even assuming for purposes of argument that the juvenile court erred, the issues mother raises are moot as the child turned 18 years old during the pendency of this appeal. We are aware of no authority, and the parties have not cited any, that would allow the juvenile court to force the child, as an adult, to visit mother. Accordingly, we cannot provide effective relief and the issues regarding visitation with the child are moot. (*In re N.S., supra*, 245 Cal.App.4th at p. 59.) We decline mother's request to exercise our discretion to resolve her appeal.

## IV.  DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.


We concur:


BAKER, Acting P. J.


MOOR, J.